# Conawingo Petroleum Refining Company *versus* Cunningham.

1. A seller was to deliver oil "buyer's option at any time from this date to December 31st 1870." *Held*, that the seller had the whole of December 31st to perform.
2. Cleveland *v.* Sterrett, 20 P. F. Smith 204, approved.

January 16th 1874. Before AGNEW, C. J., MERCUR and GORDON, JJ. SHARSWOOD, J., at Nisi Prius.

Error to the District Court of *Philadelphia*: No. 98½, to January Term 1874.

This was an action of assumpsit brought August 5th 1871, by the Conawingo Petroleum Refining Company against Wilson A. Cunhingham.

A case stated was filed in the cause which exhibited the following facts :—

The plaintiffs and defendant entered into a contract as follows, viz. :—

"Oil City, Sept. 9th 1870.

Sold on account of the Conawingo Petroleum Refining Company to Wilson A. Cunningham 1000 barrels good green merchantable crude petroleum, 40 gallons to the barrel, gravity forty to forty-six degrees at a temperature of 60° Fahrenheit, to be delivered buyer's option at any time from this date to December 31st 1870, in bulk cars at Venango City. Payment to be made cash on delivery at the rate 13½ cents per gallon, in lots as gauged and delivered.                    S. BOWERS, Broker."

Written across the face of paper was :—

"Accepted. W. A. Cunningham, Sept. 10th 1870."

On the 24th of October 1870, the parties entered into another

[Conawingo Petroleum Refining Co. v. Cunningham.]

contract for 1000 barrels of same kind of petroleum "to be delivered buyer's option at any time from the date hereof to December 31st inclusive 1870, in bulk cars at Venango City.   Payment to be made cash on delivery at the rate of 11 cents per gallon, in lots as gauged and delivered.   Buyer to give the seller 10 days' notice before delivery.            S. BOWERS, Broker."

Accepted as in the other contract.

On the 30th of December the defendant was at the place of delivery ready and willing to accept the oil on the contract of September 9th 1870.   The plaintiffs made no tender, and on that day had no oil at the place of delivery.   On the morning of the 31st of December, the defendant having contracts to fill, bought of other persons the amount of oil named in the contract of September, in order to carry out his contracts.

On the 31st of December 1870, about four o'clock P. M., the plaintiffs at the place of delivery tendered the specific oil on the contract of September.   The defendant declined to accept it, as being too late, but offered to take it on the contract of October; the plaintiffs refused to deliver the oil on that contract.   On December 31st 1870, oil at Venango City was worth 10 cents a gallon.

If the court should be of opinion that the defendant was bound to accept the oil tendered on December 31st, as performance of the contract of September, judgment to be entered for the plaintiffs for $1400.   If otherwise, the judgment to be entered for the defendant.

The court entered judgment for the defendant.   This was assigned for error on the removal of the record to the Supreme Court by the plaintiffs.

*T. F. Jenkins* and *T. R. Elcock*, for plaintiffs in error.—The construction of a contract should be favorable and liberal : Story on Contracts, § 640 ; Pugh *v.* Leeds, 2 Cowper 714 ; Lysle *v.* Williams, 15 S. & R. 135.   "To" is to be construed as inclusive : Webb *v.* Fairmaner, 3 M. & W. 473 ; Benjamin on Sales 563 ; Arnold's Marine Ins. 340 ; Disborough *v.* Neilson, 3 Johns. Cases 81 ; Choice *v.* Mosely, 1 Bailey 136.   They cited also Goswiler's Estate, 2 Penna. R. 200 ; Mark *v.* Russell, 4 Wright 372 ; Duffy *v.* Ogden, 14 P. F. Smith 240 ; Brisben *v.* Wilson, 10 Id. 452 ; Cleveland *v.* Sterrett, 20 Id. 204; Sims *v.* Hampton, 1 S. & R. 411 ; Browne *v.* Browne, 3 Id. 496 ; Cromelien *v.* Brink, 5 Casey 522 ; Green's Appeal, 6 W. & S. 327.

*D. W. Sellers*, for defendant in error.—The time for delivery was *between* the two dates.   "To" is to be construed "by" or "before." Rankin *v.* Woodworth, 3 Penna R. 48 ; In re Ch. J. Lewis, 5 Casey 518 ; Nichols *v.* Ramsel, 2 Modern 280 ; Atkins *v.* Ins. Co., 5 Metcalf 439.

The opinion of the court was delivered, January 26th 1874, by
AGNEW, C. J.—The contract in this case was for the sale of "one
thousand barrels good green merchantable crude petroleum, forty
gallons to the barrel, gravity forty to forty-six degrees, at a tem-
perature of 60° Fahrenheit, to be delivered, buyer's option, at any
time from this date *to* December 31st 1870, in bulk cars," &c.
Does the expression *to* December 31st 1870, include the 31st day?

This question cannot be decided by cases which interpret dubious
expressions in laws or rules of court, in order to preserve rights or
fulfil special purposes. What we are concerned with here is in
ascertaining the meaning of the parties in this particular contract.
The preposition *to* is properly applicable to *place* or *position*, while
*till* or *until* properly applies to *time*. Yet *to* is in common par-
lance and sometimes in legal phraseology, applied to time. It has
also various significations indicating *toward*, *to*, and *into*. In
regard to time it often indicates a coming or passing into a day, as
well as arrival at it. Thus it is said, "the court adjourned from
the 30th to the 31st of December," or "from the 1st to the
31st," or "from day to day." Now in each instance we under-
stand that the court will reassemble on the last day. Whenever
the expression is from day to day, or from one day to another, we
always understand the second day to be included. Again, one
says, "I have to the 31st to do a thing," or the other says, "you
shall have to the 31st to do it." No one doubts the party can do
the thing on the 31st. Such is the time designated for perform-
ance. Another expression to be found in this contract affords an
illustration, to wit, "gravity from forty to forty-six degrees." It
cannot be doubted if the oil be of a gravity of either forty or forty-
six degrees it would fill the contract. Let us expand the language
of this writing somewhat. The words of it are "to be delivered,
buyer's option, at any time from this date to December 31st 1870."
Then read it thus, the seller saying, "I will deliver to you one
thousand barrels of oil at any time from this date to December
31st 1870, at your option." Can it be doubted that when the
seller says, "I will deliver at your option," the buyer may call for
the delivery of the oil on the 31st, and the seller would be bound
to deliver it. The parties did not refer themselves to " decided
cases," but had their own meaning, which was that the limit should
be the 31st day of December, that the last day of performance.
The selection of the last day of the month, and of the year, has
some influence in fixing that as the last day of performance, as if
the parties had said " all the month of December, or all this year."
January 1st begins a new period. The time is necessarily mutual,
so that if the buyer may demand on the 31st, the seller may deliver
on the 31st.

The fact that a subsequent contract adds the word "inclusive"
after the 31st of December, does not interpret the prior contract,

[Conawingo Petroleum Refining Co. *v.* Cunningham.]

which is without the word "inclusive." The earlier contract must stand on its own language. The insertion of the word in the second contract may have been due to greater precision, or greater precaution to prevent misconstruction, and yet they may mean the same thing. It does not follow because the latter is expressly "inclusive" the former meant to be "exclusive." We, therefore, interpret the language as we think the parties intended, to wit, that the buyer could call for the oil in the year 1870, and before the first of January 1871; the word " to " having no precise and definite signification to require exclusion of the last day, by reason of its plain grammatical meaning.

The case of Cleveland *v.* Sterrett, 20 P. F. Smith 204, was decided in the same spirit of liberal interpretation to reach the evident intent of the parties.

> The judgment of the court below is reversed, and judgment is now entered for the plaintiff on the case stated, for the sum of $1400, with interest from July 12th 1873.