## Deibert v. Kulp

*Clyde I. Kelchner,* for plaintiff.
*C. W. Dickson,* for defendant.

KREISHER, P. J., August 10, 1942.—On June 16, 1942, plaintiff filed his præcipe for summons in assumpsit to issue returnable to the first Monday of July, 1942, viz, July 6, 1942. On the same day the summons was issued to the sheriff and on June 17, 1942, the sheriff served the summons, together with plaintiff's statement of claim, on defendant. The statement of claim contained the usual endorsement on the front, directing defendant to file an affidavit of defense within 15 days from the date of service, which would be prior to the return day of the writ, or July 2, 1942. Immediately at the start of business in the prothonotary's office on July 6, 1942, the attorney for plaintiff appeared and filed a præcipe for judgment for want of an appearance and an affidavit of defense, and judgment was promptly entered in blank dollars. Some time later in the day and before the close of business, attorney for defendant filed a praecipe for entry of appearance and an affidavit of defense. On July 13,

1942, defendant presented to the court a motion to strike off the judgment because the judgment entered July 6, 1942, which was the return day of the summons, was premature and void. A rule was granted on plaintiff and the case came on for argument on the motion and rule.

The judgment entered in this case, being a judgment by default, is subject to be stricken off or vacated if some defect or irregularity appears upon the face of the record.

Section 12 of the Practice Act of May 14, 1915, P. L. 483, as amended by section 1 of the Act of May 3, 1917, P. L. 149, and as further amended by section 1 of the Act of March 10, 1921, P. L. 16, 12 PS §411, provides:

"The defendant shall file an affidavit of defense to the statement of claim within fifteen days from the day when the statement was served upon him. . . . And provided further, That no affidavit of defense shall be required to be filed under the provisions of this act in any case before the return day of the writ or summons."

Attorney for plaintiff contends the word "before", as used in this act, means in advance of, sooner than, earlier than, or previously, and, therefore, the præcipe for entry of appearance and the filing of the affidavit of defense on the return day was too late by one day, and more especially since judgment was taken earlier in the day than the filing of the praecipe for entry of appearance and the affidavit of defense.

If we were to consider the word "before" independently, we might be inclined to agree with counsel for plaintiff, and we do agree that under certain circumstances the word "before" imports such a meaning. There are numerous cases, where a contract calls for a payment before a certain date, in which payment on the date mentioned is too late. However, the word "before" has other meanings also such as, in the present case, in the presence of, or in front of. Therefore, in

the interpretation of words in a statute we must give the words their ordinary meanings; but if the word has several meanings we must examine the entire statute and interpolate the words with reference to the entire statute. An examination of the Act of 1921 clearly indicates, in our opinion, that a defendant is not required in any case to file an affidavit of defense before the return day of the writ or summons and, therefore, if he is not required to file his affidavit of defense before the return day, he must surely be permitted to file it on the return day without having judgment taken against him by default. In the case of Murta et al. v. Reilly, 274 Pa. 584, 588 (1922), it is stated:

"The Act of March 10, 1921 (P. L. 16), provides that in no case need the affidavit of defense be filed before the day to which the summons is returnable."

A return day is defined in Pennsylvania practice as the day on which defendant is to enter an appearance and submit to the jurisdiction of the court. An examination of the original writ in the instant case shows that it directs that defendant be summoned so that he be and appear before our court of common pleas to be holden on the first Monday of July next, to answer plaintiff in a plea of assumpsit. And in compliance with said summons defendant, by his attorney, did appear on the first Monday of July next and filed his answer to the said plea, but because he did not help the clerk open the office in the early morning hours, as the attorney for plaintiff was able to do, plaintiff now claims judgment by default, which in our opinion is defective, premature, void, and highly irregular.

Further, section 2 of rule I of the rules of the Courts of Common Pleas of Columbia and Montour Counties provides:

"In all actions of assumpsit and trespass, except actions for libel and slander, where the Plaintiff's Statement is served more than fifteen days before the

return day of the summons issued in the case, the time within which the defendant shall file an Affidavit of Defense shall be extended to such return day; and in all cases the endorsement upon the Plaintiff's Statement, in addition to the words required by the Practice Act of 1915, shall have added thereto the following: 'extended by Rule of Court to the ... day of ........, 19...' [the return day named in the writ of summons.]"

Counsel for plaintiff contends the word "to", as used in the said rule of court, is a word of exclusion, and does not include the terminus. Therefore, the terminus being the return day of the writ or summons, the affidavit of defense must be filed before the return day, and judgment by default was properly entered on the return day. Again, we must disagree with counsel for plaintiff and in our opinion hold that judgment taken by default on the return day of the writ or summons is premature and void.

We feel the rule of court in this case was adopted to conform to the act of assembly and, reading the rule as a whole, keeping in mind the act of assembly, it appears by necessary implication that the word "to", as used in this rule, is a word of inclusion, so that an affidavit of defense filed on the return day of the writ or summons is filed in time to prevent judgment being taken by default.

The word "to" is generally used as a word of inclusion in practice. In Thompson v. Reynolds et al., 59 Utah 416, it was held that in an order of court extending the time for filing a bill of exceptions to a stated date the word "to" was not a word of exclusion, but of inclusion, so that an order entered on the stated date, granting a further extension of time, was valid.

Likewise, in the case of Conawingo Petroleum Refining Co. v. Cunningham, 75 Pa. 138 (1874), in an opinion written by one of our greatest chief justices,

Agnew, C. J., it was held that where a seller was to deliver oil, "buyer's option, at any time from this date to December 31st, 1870", the seller had the whole of December 31st to perform. We quote from the opinion as follows:

"The preposition *to* is properly applicable to *place* or *position*, while *till* or *until* properly applies to *time*. Yet *to* is in common parlance and sometimes in legal phraseology, applied to time. It has also various significations indicating *toward*, *to*, and *into*. In regard to time it often indicates a coming or passing into a day, as well as arrival at it. Thus it is said, 'the court adjourned from the 30th to the 31st of December,' or 'from the 1st to the 31st,' or 'from day to day.' Now in each instance we understand that the court will reassemble on the last day. Whenever the expression is from day to day, or from one day to another, we always understand the second day to be included. Again, one says, 'I have to the 31st to do a thing,' or the other says, 'you shall have to the 31st to do it.' No one doubts the party can do the thing on the 31st. Such is the time designated for performance."

The statute in question in this case has been construed many times since its passage and all the cases, though not exactly in point with the facts in this case, indicate that defendant has the whole of the return day to file his præcipe for entry of appearance and affidavit of defense. See J. B. Colt Co. v. Shirk, 38 Lancaster L. Rev. 608, and Snyder v. Butz & Clader Co., 21 Schuyl. 224.

We, therefore, conclude the judgment in this case was prematurely entered and must be stricken off.

And now, August 10, 1942, the rule granted on motion to strike off judgment is hereby made absolute, and the judgment entered July 6, 1941, in favor of plaintiff and against defendant, is directed to be stricken from the record.