## Hazzard v. West Goshen Township Board of Adjustment

*Lawrence E. Wood*, for appellant.

*D. T. Marrone*, for appellee.

GAWTHROP, P. J., December 12, 1966. — Charles Hazzard, as tenant, has appealed from the decision of the Zoning Board of Adjustment of West Goshen Township affirming the cease and desist order issued by the township zoning officer on November 23, 1965, directing him to refrain from using the premises he leases for breeding and raising dogs for experimental laboratory use by others. No additional evidence was taken by the court and, after argument, the matter is before us for decision on the record made before the board. We are required to determine whether the board committed error of law or abuse of discretion: Upper Providence Township Appeal, 407 Pa. 20.

Appellant, who resides in West Chester, leased the premises in question, except for the dwelling house, from the owner, Abraham Herr, on August 21, 1965. Herr continues to occupy the house and keeps a few pieces of farm machinery in the barn. The remainder of the property consists of somewhat less than 10 acres of land, situate in an R-3 residential district under the zoning ordinance and map of the township, upon which there is a small barn, a long building about 30 by 100 feet, and several small structures, including a shed for horses and certain fencing, both erected by appellant. On the leased premises, appellant keeps three horses for his own pleasure, three cows to furnish milk for the puppies, some guinea pigs, a colony of 30 to 35 rabbits, and about 49 dogs, all acquired by breeding, of which 11 are above and 38 are below six months of age. The rabbits are bred and delivered to a local laboratory. The dogs are bred, raised and supplied for experimental purposes to several hospitals

and laboratories in Philadelphia and elsewhere. Bred to laboratory specifications, they are devocalized at the age of three months, delivered to the institutions as needed and, after performance of experiments on them, some are returned to and kept on appellant's property. The cost of breeding, raising and feeding the dogs is borne by the laboratories. Appellant makes no profit from his operation, but conducts it as a hobby. He holds a "D" type kennel license issued by the Commonwealth authorizing him to keep up to 500 dogs on the premises. He also raises some hay on the tract to feed the cows and horses. Neighbors have complained of the odor and noise from the kennel a n d that dogs sometimes escape, run loose and invade their properties, and attack their dogs.

Abraham Herr had raised and sold chickens on the premises for many years before appellant leased it and had at one time raised some sheep, goats and rabbits until about 1960. He now lives on Social Security and on the $30 monthly rent paid by appellant under the lease.

Appellant's argument is based on three grounds: (1) that his breeding and raising of dogs for laboratory purposes is "agriculture", a permitted use, or, if not, (2) that it is the continuation of a nonconforming use of the same character as Herr's chicken raising and, therefore, permissible, and (3) that the ordinance unconstitutionally excludes his operation and that its enforcement against him only, and not other kennel operators, denies him the equal protection of the law. After careful review of the record, we cannot agree.

The original West Goshen Township Zoning Ordinance of May 6, 1940, sec. 200, and the more recent ordinance adopted August 17, 1965, sec. 102, both define "agriculture" in identical terms as:

"The cultivating of the soil, and the raising and

harvesting of the products of the soil, including, but not by way of limitations, nursery horticulture and forestry".

The premises in question, situate in what is now an R-3 residential district, could permissibly be used for agriculture under either ordinance. In such connection, lands may be used for raising livestock for sale of meat and milk, raising poultry for sale of fowl and eggs, and raising farm crops, all of which are generally held to be the incidents of agricultural use: Fidler v. Zoning Board of Adjustment, 408 Pa. 260. But operation of a piggery, raising hogs entirely for commercial purposes and not the owner's use as the predominant use of the premises, is not an agricultural use: Whitpain Township v. Bodine, 372 Pa. 509; Town of Mt. Pleasant v. Van Tassell, 166 N. Y. S. 2d 458; affirmed 177 N. Y. S. 2d 1010; and operating a dog kennel is not a commercial livestock farming operation: City of Omaha v. Gsanter, 162 Neb. 839, 77 N. W. 2d 663. It has also been held that although the earlier keeping of farm dogs and beagles may have been an accessory use to farming operations, maintenance on the premises of what is essentially a greyhound racing stable is not an agricultural use or an accessory use of a farm: Mioduszewski v. Town of Saugus, 337 Mass. 140, 148 N. E. 2d 655; the raising of foxes is not farming: Eberlein v. Industrial Commission, 237 Wis. 555, 297 N. W. 429; and operating a stable and riding academy is not farming: Berry v. Recorder's Court of West Orange, 124 N. J. L. 385, 11 A. 2d 743; Demarest v. Heck, 84 N. J. Super. 100, 201 A. 2d 75. And even if appellant relied, as he says, upon some statement of the zoning officer that he would not be "zoned out", (and that statement is denied), he obtained no vested right to carry on a use not permitted in the district: cf. 2 Metzenbaum, Law of Zoning (2d ed.) 1191-2; Vogt v. Port Vue Borough,

170 Pa. Superior Ct. 526. Based upon the above authorities, we hold that his operation of a kennel for breeding and raising of dogs for use by others in laboratory experiments as the primary and predominant use of the premises is not agriculture. Clearly, it is not an accessory residential use. Therefore, it is not a permitted use in an R-3 residential district.

On the other hand, Herr's earlier raising of chickens on the premises was an agricultural use: Fidler, supra. It necessarily follows that appellant's kennel operation cannot be, as he argues, the continuation of a nonconforming use because Herr's operation was permissible and conforming. Furthermore, appellant's use as a dog breeding kennel for laboratory specimens is quite different from the raising of chickens; the difference is in quality and not merely in degree: Mioduszewski, supra, 659. It is, as the board of adjustment determined, a change in use from the former agricultural use of chicken raising. Thus, appellant's use is not in either sense a continuation of a nonconforming use of the same classification under section 601 of the ordinance.

Appellant now attacks the constitutionality of the ordinance, first on the ground that it totally excludes his type of kennel operation throughout the township, citing in support of that argument Appeal of Exton Quarries, Inc., 13 Chester 391. Although not raised before the board of adjustment, that question may properly be raised at this stage: National Land and Investment Company v. Easttown Township Board of Adjustment, 419 Pa. 504. But the fault of this argument is at once apparent. In Exton, supra, the terms of the ordinance excluded operation of a quarry throughout the township although stone deposits necessary to quarrying operations lay within the township. On the contrary, instead of expressly excluding appellant's kennel operations throughout the town-

ship, the ordinance here permits in each of five separate classes of commercial districts the "(c)ustomary accessory uses associated with commercial districts" and in two types of industrial districts "(c)ustomary accessory uses in industrial districts". Although appellant derives no profit from his operation, but conducts it only at cost of production of his product, his operation has all the other attributes of a commercial or business venture. Being of such nature, it may be conducted under the ordinance in any of the five commercial and two industrial districts. It is proscribed only in the residential and agricultural districts. Consequently, the ordinance is not unconstitutional in arbitrarily excluding such use throughout the township. Overholtzer v. Zoning Board of Adjustment, 31 D. & C. 2d 793, cited by appellant, is clearly distinguishable and neither controlling nor persuasive.

Appellant further attacks the constitutionality of the enforcement of the ordinance against his operation alone. He bases that attack upon evidence that there are nine kennels in the Township which are licensed by the Commonwealth under the Dog Law of May 11, 1921, P. L. 522, as amended, 3 PS §§461 to 545. Section 11 of the act, as amended, 3 PS §471, permits any person who keeps or operates a kennel, in lieu of a license for each dog required by the act, to apply for and obtain a kennel certificate entitling him to keep or operate such kennel. Section 2 of the act, as amended, 3 PS §462 provides: "The term 'kennel' shall mean any establishment wherein or whereon dogs are kept for the purpose of breeding, sale, or show purposes, and which is so constructed that dogs cannot stray therefrom".

The record shows only that nine certificates have been issued by the county treasurer for various premises in the township, four of them for properties located in R-3 residence districts and one each for prop-

erties in an R-4 residence district, a C-4 special limited business and apartment district, an I-1 limited industrial district and an I-2 general industrial district. However, for all the record shows, none of the others is kept or operated for any specific purpose, whether for breeding, for sale of dogs, for maintaining show dogs, or for the mere keeping of such dogs as beagles, pointers or setters for hunting use, or of dogs merely as pets. Nor is there any evidence that the dogs in those kennels are not kept as an accessory use to the residential, agricultural, commercial or industrial use of the respective properties in the zoning district in which each of them lies. There is no evidence whatever of the purposes of those kennels or their manner of operation. Appellant cites no authority in support of this argument but, although not specifically argued, if the ground of his attack is the equal protection clause of the Fourteenth Amendment to the United States Constitution, he has failed to carry the heavy burden of overcoming the presumption of constitutionality of the ordinance as it applies to him: National Land, supra, 522; Cleaver v. Board of Adjustment, 414 Pa. 367; Bilbar Construction Company v. Easttown Township Board of Adjustment, 393 Pa. 62. Moreover, one who violates a zoning ordinance cannot be discharged merely because it is shown that there are other violators who have not been convicted, or that those whose duty it is to enforce the ordinance have fallen short through inattention or intentional omission or neglect: Valicenti's Appeal, 298 Pa. 276; Hasley's Appeal, 151 Pa. Superior Ct. 192. Therefore, we conclude that appellant has not established the unconstitutionality of the ordinance.

And now, December 12, 1966, the decision of the Zoning Board of Adjustment of West Goshen Township is affirmed.