In Re: Appeal of William J. Lowney, Jr., Etc.

Alfred E. Renson and Patricia N. Renson, his wife et al. *v.* Zoning Hearing Board of Lower Southampton Township et al. William J. Lowney, Jr., Appellant.

Submitted on briefs, June 4, 1979, to Judges CRUM-
LISH, JR., BLATT and DiSALLE, sitting as a panel of
three.

S. *Allen Needleman,* with him *Kenneth L. Mirsky, Paul F. Gilligan, Jr.,* and *Needleman, Needleman, Caney, Stein & Talty, Ltd.,* for appellant.

E. *Dillwyn Darlington,* and *Ronald J. Smolow,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., September 26, 1979:

William J. Lowney sought a variance and/or a special exception to build a kennel on a five-acre parcel for the purpose of boarding and grooming dogs on the industrially-zoned property where he and his family reside. The Zoning Hearing Board of Lower Southampton Township on remand from the lower court granted the application; the Bucks County Common Pleas Court reversed. We reverse the court below.

Lowney's initial application to the Board for a variance or special exception from the terms of the zoning ordinance to construct and operate a dog kennel on his land was denied, the Board reasoning that the requested relief would have to come by way of a zoning change. The Bucks County trial court, on appeal, remanded to the Board to supplement the record. Following the remand hearing, the Board issued a decision favorable to Lowney.[1] Upon appeal, the

---

[1] The Board's mutual order of April 25, 1975, denied a *variance* to Lowney. In its second order written after hearing on October 14, 1976, the Board granted a variance but failed to make findings of fact. The trial court properly remanded the case back to the Board to make the requisite findings in accordance with this Court's directives in *Hess v. Upper Oxford Township,* 17 Pa. Commonwealth Ct. 399, 332 A.2d 836 (1975); and *Rees v. Zoning Hearing Board of Indiana Township,* 2 Pa. Commonwealth Ct. 551, 279 A.2d 354 (1971). The Board then issued an opinion with appropriate findings of fact and concluded Lowney was properly entitled to a *special exception* rather than a variance.

court below reversed the Board's grant of a special exception holding that it had committed an abuse of discretion and an error of law. We disagree and reverse.

Since the court below took no additional evidence, our scope of review is limited to a determination of whether the Board's findings are supported by substantial evidence or whether the Board committed an error of law. *Higging v. Township of Radnor*, 13 Pa. Commonwealth Ct. 195, 318 A.2d 761 (1974).

In approving Lowney's application the Board found: (1) that no kennel exists in the Township and that one is needed; (2) that a kennel would in no way be detrimental to the safety, health or welfare of the community but would, in fact, be of benefit to the community; and (3) that the proposed use is similar to other permissible uses in an industrially-zoned area. The Board, citing Section 703 9-H[2] of the zoning ordinance which permits "any use of the same general character" granted the requested relief and attached several conditions: (1) that it conform to the submitted plot plan; (2) that it be soundproofed, air conditioned, and enclosed; (3) that no animals be given or sold for experimentation purposes or destroyed on the premises; (4) that there be no commercial sales of animals on the premises; (5) that the facility comply in all respects with county, state and township regulations; and (6) in the event the proposed facility is not used as a kennel for a two-year period, that the property then be restricted to those uses permitted in an industrial area.

We have undertaken a careful review of the record and we cannot conclude that the zoning board committed a manifest abuse of discretion or error of law in finding that Lowney was entitled to a special

---

[2] Improperly cited by the Board as Section 703 9-A.

exception to construct and operate a dog kennel on his property. The guiding principles of law with respect to the granting or denial of special exceptions are well settled and need not be set forth at length. In contrast to a variance, an applicant for a special exception does not seek to "vary" the ordinance. He must establish that his proposed use is one which generally meets the purposes of the ordinance. An applicant for a variance must show (a) unnecessary hardship and (b) the fact that a variance is consistent with the public interest. In a special exception case, the applicant need only satisfy the second requirement. R. Ryan, *Pennsylvania Zoning Law and Practice* §5.15 (1970).

The controlling pivotal factor in the record is the Board's finding that the proposed use would benefit the community, which is supported by the testimony of the Township Manager that the proposed kennel would provide a badly needed holding facility for stray animals. At present, it is often necessary for the police to transport stray animals out of the township a considerable distance to the nearest Society for the Prevention of Cruelty to Animals Shelter. The addition of a kennel would facilitate the enforcement of the township's dog laws, serve as a convenience to the township residents who would travel a much shorter distance to reclaim their impounded pets, and enhance the safety and welfare of residents and protect them from the peril of vicious, roaming, and potentially diseased animals. The absence of the township kennel has often prevented the township from being able to enforce dog laws which are currently on the books.

Finally, we hold that the Board did not abuse its discretion. In our view, a kennel cannot be classified as a traditional agricultural use which is a permitted use in an industrially-zoned area, but can be said to

218

be a "use of the same general character" within the meaning of the ordinance. In so holding, we are in accord with our sister state which has held that the breeding, raising and care of dogs constitute animal husbandry and thus agriculture. *Harris v. Roots-town Township Zoning Board*, 44 Ohio St. 2d 144, 338 N.E.2d 763 (1975).[3] Accordingly, we will reverse the lower court and reinstate the Board's decision permitting Lowney to construct a dog kennel.[4]

Accordingly, we

## ORDER

AND Now, this 26th day of September, 1979, the order of the Bucks County Common Pleas Court dated November 6, 1978, is hereby reversed.

---

[3] We do not find the two Pennsylvania Court opinions cited by appellee to be persuasive as both can readily be distinguished. *Hazzard v. West Goshen Township Board of Adjustment*, 41 Pa. D. & C. 2d 615 (1966), held that a kennel used to breed and raise dogs for use by others in laboratory experiments was not an accessory *residential* use. In the instant case, concerns were expressed by a township resident and a Board member regarding the physical well-being of the animals. The special exception granted conditions the proposed use and prohibits the sale of animals for experimentation and provides that no animals will be destroyed at the facility. The facility proposed by Lowney is far less objectionable in terms of the humane treatment of the animals housed. Thus, the proposed use in the instant case is different in kind than the kennel in the *Hazzard* case.. The case of *Jackson v. Lower Gwynedd Township Zoning Board of Adjustment*, 45 Pa. D. & C. 413 (1968), also involved an accessory *residential* use whereas the instant case deals with an *industrial* use area, a lesser restrictive classification in the zoning scheme of the township. Permitted uses in the industrial area include those permissible in any of the residentially-zoned areas, R-1, R-2, and R-3, as well as commercially-zoned areas.

[4] In holding that Lowney was entitled to a special exception, we do not here decide whether appellee was a party aggrieved by the decision of the Board for purposes of standing to appear before the court below.