In Re: Appeal of Zambrano Corporation From Zoning Board of Adjustment. City of Pittsburgh, Appellant.

Argued December 7, 1979, before Judges WILKIN-SON, JR., ROGERS and CRAIG, sitting as a panel of three.

*D. R. Pellegrini*, Deputy City Solicitor, with him *Mead J. Mulvihill, Jr.*, City Solicitor, for appellant.

*Michael D. Foglia*, for appellee.

OPINION BY JUDGE ROGERS, January 24, 1980:

The City of Pittsburgh has appealed from an order of the Court of Common Pleas of Allegheny County adopting the recommendation of a court appointed referee that the City be required to issue an occupancy permit to the Zambrano Corporation (Zambrano) allowing it to operate a beauty salon in its building located in an A-1 Residential district, where commercial uses are permitted only by special exception.

Zambrano is the owner of a two and one-half story structure which it built in 1968 and leased to a retail shoe business for about ten years. During that time the first floor of the building was used as a shoe store and the remainder of the building was used for offices and storage. On October 24, 1978, Zambrano applied to the Pittsburgh Zoning Board of Adjustment for a special exception and occupancy permit allowing it to

remodel the building to provide a beauty salon in the first floor and basement and two apartments in the second floor. The Board, after conducting a hearing at which witnesses for Zambrano and objecting neighbors testified, denied the applications because Zambrano's proposal did not include the provision of parking stalls required by the ordinance. Section 2601 requires one parking stall for every 260 square feet of used floor space in excess of 2400 square feet. In addition, one stall is required for each dwelling unit. Zambrano's application showed a net floor space of 3800 square feet proposed for use, requiring the provision of six stalls. The two apartments necessitated the provision of two additional stalls.

At the Board hearing, Zambrano asked that its application for apartment use receive separate consideration and its spokesman testified that by leases not produced in evidence Zambrano had provided two parking stalls at another location for the tenants of the apartments. Even had the Board accepted this suggestion, the proposal was still lacking six parking stalls. As noted, the Board denied the application. The court appointed referee, without taking additional evidence, concluded that the proposed use would not adversely affect the health, safety, morals or general welfare and recommended that the permit be granted. The court below accepted the referee's recommendation and ordered the permit to issue. We reverse.

The issue of whether a proposed use adversely affects a community's health, safety or welfare does not need to be addressed until the applicant for a special exception has carried his burden of proving that the use he proposes is one allowed by special exception and that he will comply with all requirements of the zoning ordinance relative to the use intended. *Jones v. Zoning Hearing Board*, 7 Pa. Commonwealth Ct. 284, 298 A.2d 664 (1972).

Section 2903-2-A-(3) of the zoning ordinance provides that the Board may deny a special exception if it finds that the proposed use will not "conform to the applicable regulations of the district in which it is located." Zambrano's proposal did not comply with parking space requirements of the ordinance and was properly refused.

Order reversed.

ORDER

AND Now, this 24th day of January, 1980, the order of the Court of Common Pleas of Allegheny County, dated January 22, 1979, is hereby reversed and the decision of the Zoning Board of Adjustment is reinstated.

Judge DISALLE did not participate in the decision in this case.