Louis J. Bruni and Sonja Bruni, h/w, Appellants v. Zoning Hearing Board of Plymouth Township, Appellee.

Argued April 9, 1980, before President Judge CRUMLISH and Judges CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Norman Ashton Klinger*, for appellants.

*Arthur Lefkoe, Wisler, Pearlstine, Talone, Craig & Garrity*, with him *Herbert F. Rubenstein, Beeghley, Rubenstein & Moore*, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, July 7, 1980:

The Montgomery County Common Pleas Court affirmed the Plymouth Township Zoning Hearing Board's (Board) denial of a continuance of a nonconforming use and an application for a special exception and/or variance of its ordinance.

Louis and Sonja Bruni are titleholders of a property in a district zoned "D" residential and from 1906 through early 1978 it was used as a firehouse, a nonconforming use. In addition to the typical firehouse activities and functions, such as the storage and routine maintenance of firefighting equipment, including light vehicle maintenance and minor repairs, it was used as a social hall for dinners, wedding receptions and post-funeral gatherings.

In seeking relief, Brunis propose to operate an automobile repair garage (exclusive of body work) on the premises between the hours of 8:00 A.M. and 6:00 P.M., six days a week. Their application for relief cites three alternative grounds:[1] (1) a continued *nonconforming use* of equal or more restrictive classification under Section 1800.B of the zoning ordinance; (2) a *special exception* citing Section 1000.K.1 and Section 2101 of the zoning ordinance; and (3) a *variance* under Section 2101.D.2 of the zoning ordinance and Section 912 of the Pennsylvania Municipalities

---

[1] Appellants continue to press a fourth argument that the subject property is unzoned and can be used for an automobile repair shop because a prior township zoning had marked the location of the firehouse with a white rectangular box with the symbol "FH." Other community points of interest such as schools, churches, cemeteries, and the police station are similarly denoted on the zoning map and referenced by an identifying legend on the map. To seriously contend that the area within the white box was left unzoned while the surrounding land is zoned "D Residential" is, in the words of the court below, "absurd." It merits no further discussion here.

Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912. The Board denied all three requests, the trial court affirmed, and this appeal followed.

We reiterate our scope of review: Since the court below took no additional evidence, we are limited to a determination of whether the Board's findings are supported by substantial evidence or whether it erred in law. *Seidita v. Board of Zoning Appeals,* 41 Pa. Commonwealth Ct. 340, 399 A.2d 156 (1979).

The Brunis' initial contention is without merit. Section 1800.B of the township zoning ordinance provides a change of a non-conforming use:

> B. Change. Any lawful, non-conforming use of a building or land may be changed to another non-conforming use of the same or more restrictive classification, provided that the Zoning Hearing Board shall find that the proposed use if [sic] equally appropriate, or more appro-. priate to the district, than the existing non-conforming use.

The Board properly reasoned that an auto repair shop is a use permitted in a commercial district whereas a firehouse, alternatively held to be a municipal use[2] or a philanthropic use,[3] is a permitted use in an "AA" residential district or an office laboratory district, respectively. Since the use and dimensional restrictions of a commercial district are less restrictive than in an "AA" residential district or office laboratory district, the change in non-conforming uses was properly denied. Obviously, an automobile repair shop is not the same or more restrictive than a firehouse.

---

[2] *Rauhauser v. Dover Township Zoning Board,* 60 Pa. D. & C. 2d 644 (1972).

[3] *North End Fire Company Number 1 of Pottstown Appeal,* 85 Pa. D. & C. 287 (1952).

Brunis' argument that their special exception will not adversely affect the community fails. An applicant first must establish that his proposed use is one which is allowed by special exception generally complying with the purposes of the ordinance. *In Re: Appeal of Zambrano Corp.*, 49 Pa. Commonwealth Ct. 6, 410 A.2d 1293 (1980); *In Re: Appeal of William J. Lowney, Jr.*, 46 Pa. Commonwealth Ct. 213, 406 A.2d 1160 (1979). Since the ordinance fails to provide for an automobile repair shop by special exception in a "D" residential district, we need not reach the issue of whether the proposed use adversely affects the community's health, safety or welfare.

Finally, it is contended that the Board erred in denying the Brunis' request for a variance. It is well settled law that a variance may be granted only where unnecessary hardship exists, that the hardship was not self-imposed, that a grant of the variance will not adversely affect the public welfare, and that the variance is the minimum necessary to afford relief. *Silar v. Zoning Board of Adjustment*, 46 Pa. Commonwealth Ct. 340, 407 A.2d 74 (1979).

The record reveals that, although there are various commercial establishments within the surrounding area, Brunis' property could be used for single-family dwellings, municipal use, hospital, recreational use under municipal direction, community center, telephone central office, club, fraternal institution, and multi-family dwellings. No evidence was presented showing that any of the preceding uses were unfeasible or that efforts to sell the property for a permitted use failed. The record supports the conclusion that the variance request was bottomed not upon lack of feasibility of permitted uses but rather upon the expectation that the property will be economically productive as a repair shop. This "economic hardship" is legally insufficient to constitute an "unnecessary

hardship'' and we have said so ad nauseum. *Nardozza Zoning Case,* 45 Pa. Commonwealth Ct. 482, 405 A.2d 1020 (1979).

We hold that the Board did not err in denying·the relief. Accordingly, we

### ORDER

AND Now, this 7th day of July, 1980, the order of the Court of Common Pleas of Montgomery County dated February 15, 1979, is hereby affirmed.