In Re: Appeal of David Fiori From Decision of Falls Township Zoning Hearing Board. David Fiori, Appellant.

Argued March 3, 1982, before President Judge CRUMLISH, JR. and Judges BLATT and DOYLE, sitting as a panel of three.

464

 █

*Richard P. McBride*, with him *Herbert K. Sudfeld, Jr., Power, Bowen & Valimont*, for appellant.

*Samuel M. Snipes*, for appellee.

Opinion by President Judge Crumlish, Jr., October 27, 1982:

David Fiori appeals a Bucks County Common Pleas Court order upholding the Falls Township Hearing Board's (Board) denial of his variance application. We reverse and remand.

Fiori, the legal owner[1] of an unimproved trapezoidal, half-acre lot which is zoned High Density Residential-Elderly (HR-E),[2] applied for a variance to build a Dairy Queen Soft Ice Cream store, not a permitted use. The surrounding area is essentially commercial in character.[3]

---

[1] Fiori entered into an agreement of sale with Donald Swenson, the equitable owner of the lot, who would operate the store as a franchise of the Dairy Queen Corporation.

[2] This type of zoning district was created in order to provide "appropriate areas for housing to serve the specific needs of the elderly and handicapped at locations in the township where convenient shopping, public transportation and other services are immediately available, to . . . regulate density of population and to avoid undue congestion in the streets. . . ." Section 209-17 of the Falls Township Zoning Ordinance of 1975.

[3] The neighborhood in which the subject property is located, including the property, was zoned for commercial use prior to 1975. To the west of the property is a four-bay self-service car wash. To the north and northwest of the property is an automobile junkyard.

The Board concluded that the variance was not necessary to enable Fiori to use his property reasonably and that the proposed use would impact undesirably on the environs. The court below affirmed on the record. Fiori argues that the Board abused its discretion in failing to approve the variance and that its findings of fact were not supported by the evidence.

Our scope of review, where the court below took no additional evidence, is limited to determining whether the Board's findings are supported by substantial evidence or whether the Board legally erred. *Bruni v. Zoning Hearing Board of Plymouth Township,* 52 Pa. Commonwealth Ct. 526, 529, 416 A.2d 111, 112 (1980).

Whether a variance should be granted is determined by applying the standards found in Section 912 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912,[4] keeping in mind that a variance authorizing a commercial use in a residential district should not be granted generously. *J. Richard Fretz, Inc. v. Hilltown Township Zoning Hearing Board,* 18 Pa. Commonwealth Ct. 471, 473, 336 A.2d 464, 466 (1975). When an appellant seeks a variance to develop a vacant lot contrary to the zoning scheme, he is required to prove convincingly that the characteristics are such

To the east is a service station. Across the street is a two-bay automobile repair shop. To the repair shop's east is a small shopping center. The road bordering the subject property is heavily travelled by vehicular traffic.

[4] An applicant for a variance bears the heavy burden of proving: (1) that there are unique physical circumstances peculiar to the particular property and that the unnecessary hardship is due to such conditions; (2) that the property cannot be developed in strict conformity with the zoning ordinance provisions; (3) that the unnecessary hardship was not created by the applicant; (4) that the variance will not be detrimental to the public health, safety and welfare; and (5) that the variance represents the minimum variance necessary to afford relief. *See Township of Salisbury v. Rummel,* 44 Pa. Commonwealth Ct. 581, 406 A.2d 808 (1979).

that the lot has either no value or only a distress value for any permitted purpose. *Ephross v. Solebury Township Zoning Hearing Board*, 25 Pa. Commonwealth Ct. 140, 144, 359 A.2d 182, 184 (1976). Mere economic hardship, short of rendering the property practically valueless, does not justify a variance. *BP Oil, Inc. v. Zoning Hearing Board of the Borough of Brookhaven*, 37 Pa. Commonwealth Ct. 258, 264, 389 A.2d 1220, 1223 (1978).

Fiori first disputes the Board's conclusion that a variance is not necessary to enable him to reasonably use his property. Fiori's expert witness, George J. Donovan, a registered land planner, testified that, under the requirements of the HR-E district, it was not possible to locate any permitted use on the subject lot, and that, in the five years preceding the application, there had been no new housing construction in the surrounding area. Fiori, a licensed real estate broker, testified that, although the property had been listed for sale for five years, there had been absolutely no interest expressed in the lot for residential use. Further, he testified that he could see no likelihood of residential development of the lot. The record, with unrefuted testimony that the property could not be developed for any permitted use, is devoid of evidence supporting the Board's finding that Fiori admitted that, without a variance, other uses were feasible for the property. Hence, we conclude: (1) that the Board's finding lacks evidential support, and (2) that the property cannot be developed in conformity with the ordinance, thus creating a substantial hardship peculiar to the property.

Fiori also contests the Board's conclusion that the variance would alter the neighborhood's essential character, that development of adjacent property for elderly housing would be substantially impaired, and that detriment to the public health, safety and welfare

would result. This conclusion is apparently based on a projected increase in traffic and on a certain resident's expressed concern regarding both pedestrian safety and the interruption of sleep caused by any additional noise generated by the proposed use. Fiori's expert testified that the Dairy Queen store would be compatible with the surrounding commercial use and would, in fact, constitute an improvement of the area. No testimony, expert or otherwise, was proffered to demonstrate any specific adverse effects which the proposed use would have on the neighborhood.[5] Furthermore, no testimony was presented to establish that any significant increase in neighborhood traffic would result from the Dairy Queen store, or that any such increase would be detrimental to the public health, safety or welfare. Additionally, the same resident who voiced concern over hours of operation and loss of sleep due to increased noise made it clear that he was not objecting to the variance and, following Fiori's response to his concerns, indicated his satisfaction that the store would present no problem.

Finally, we are convinced that the hardship was not created by Fiori,[6] and that the variance represents the minimum variance necessary to afford relief.

Reversed and remanded.

## ORDER

Bucks County Common Pleas Court order No. 78-5976-06-2, dated December 30, 1980, is hereby reversed,

[5] Fiori presented evidence that, during peak hours, the Dairy Queen store would generate twenty to twenty-seven cars per hour in addition to the 780 cars per hour currently utilizing the thoroughfare bordering the property. This represents an incease of 2.6% to 3.5%.

[6] Fiori purchased the property in 1973, two years prior to the zoning amendments. Moreover, Fiori has attempted for five years to sell the property for any use presently permitted by the zoning scheme, but to no avail.

and the case is remanded with directions that the Common Pleas Court direct the Falls Township Zoning Hearing Board to issue the requested variance.

Judge MENCER did not participate in the decision in this case.