## Wink v. Zoning Hearing Board of the Borough of Birdsboro

*Terry D. Weiler*, for appellant.
*Charles K. Serine*, for intervenors.

SAYLOR, *J.*, May 20, 1985—This is an appeal from the grant by appellee of a dimensional variance.

Appellee is the Zoning Hearing Board of the Borough of Birdsboro. Appellant is Virginia Wink, owner of the premises situate at 102 North Walnut Street, Birdsboro, Berks County Pa. Appellant's property adjoins that of James and Bonnie Hess, intervenors, situate at 106 North Walnut Street in Birdsboro.

On May 21, 1984, intervenors applied for a variance from the Birdsboro Zoning Ordinance,[1] seeking relief from Article VIII, sections 802.2,[2] pertaining to building area, and 802.4,[3] pertaining to side yards. Intervenors' property is located in an R-2 residential district. They desire to construct a sunroom/solar greenhouse on the south side of their property at the point closest to appellant's residence. This construction would require a three-foot vari-

---

1. The Borough of Birdsboro Zoning Ordinance of 1973.

2. Section 802.2 provides that "[n]ot more than thirty (30) percent of the area of each lot shall be occupied by buildings."

3. Section 802.4 provides, in pertinent part, that "[t]he minimum side yard shall be not less than eight (8) feet."

ance for a distance of 12 feet from the minimum side yard requirement, and a variance from the maximum allowable building area requirement that would increase their total lot coverage to 35.2 percent,[4] which intervenors requested.[5] Following a hearing, the Zoning Hearing Board of Birdsboro granted their request on June 25, 1984. Appellant has appealed the board's decision.

Because we took no additional evidence, our scope of review is limited to a determination of whether the board committed an error of law and whether its necessary findings are supported by substantial evidence. We may not substitute our judgment for that of the board unless it manifestly abused its discretion. Ramondo v. Zoning Hearing Board of Haverford Township, 61 Pa. Commw. 242, 434 A.2d 204 (1981). In the instant case, we are constrained to find that while its findings of fact are supported by the record, the board committed an error of law in reaching its conclusions.

Under Article XVII, section 1718 of the Birdsboro Zoning Ordinance, the party seeking a variance must prove that (1) the effect of the ordinance is to burden his property with an unnecessary hardship that is peculiar to his property because of unique physical circumstances or conditions; (2) these unique physical circumstances or conditions prevent him from reasonably using or developing his property in strict conformity with the provisions of

---

4. Currently, 34.24 percent of Intervenors' lot is covered by improvements.

5. Intervenors had begun and were proceeding with construction of the greenhouse until the Code Enforcement Officer for the Borough of Birdsboro placed a cease and desist order upon them for violating existing zoning and for not having the necessary building permit. Intervenors then applied for the instant variance.

the ordinance; (3) the hardship is not self-inflicted; (4) the granting of the variance will not alter the essential character of the neighborhood, impair the use or development of adjacent property or have an adverse impact on the public welfare; and (5) the variance sought is the minimum variance that will afford relief.[6] The board here concluded, inter alia, that the granting of the requested variance was necessary to enable intervenors to reasonably use and develop their property without unnecessary hardship, and the unnecessary hardship was not created by intervenors. These conclusions are unsupported by the record.

Intervenors presented no evidence of "irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions"[7] unique to their property that would prevent its reasonable use or development. In fact, Mr. Hess admitted that the variance was not necessary to enable him to use his property, which is located in a residential area, as a residence in accordance with the zoning ordinance.

Moreover, the record clearly indicates that the unnecessary hardship alleged by intervenors was self-inflicted and is economic in nature. When questioned as to how strict compliance with the zoning ordinance would constitute a hardship to him, Mr. Hess testified that "[t]he house is full of plants, and I can't see the TV anymore." This "hardship" was clearly of intervenors' own making. In addition, Mr. Hess testified that he had already "bought and paid for" the greenhouse, and indicated that he would suffer an economic loss since he

---

6. These are the traditional criteria for the granting of a variance. See, e.g., Marlowe v. Zoning Hearing Board of Haverford Township, 52 Pa. Commw. 224, 415 A.2d 946 (1980).

7. Section 1718(a) of the Birdsboro Zoning Ordinance.

cannot return it if the board denied the variance. However, mere economic hardship, short of rendering property practically valueless, does not justify a variance. Appeal of Fiori, 69 Pa. Commw. 463, 451 A.2d 804 (1982); BP Oil, Inc. v. Zoning Hearing Board of the Borough of Brookhaven, 37 Pa. Commw. 258, 389 A.2d 1220 (1978). A denial of the relief requested in this case can in no way be construed as to render intervenors' property valueless.

Having determined that the board committed error in granting the variance on traditional grounds, our inquiry does not end. Intervenors argue on appeal that the board's decision can be supported on the basis of the de minimis doctrine.[8] Our superior court has held that it may affirm an order or decree for reasons other than those given by the court below. In re Damon B., 314 Pa.Super. 391, 460 A.2d 1196 (1983); In re King's Estate, 183 Pa.Super. 190, 130 A.2d 245 (1957). We are therefore satisfied that we may consider intervenors' de minimis argument, so that if its application would support the board's decision, we would affirm.

"The de minimis doctrine is an extremely narrow exception to the heavy burden of proof which a party seeking a variance must normally bear. The courts have applied the rule and allowed a variance in a limited number of cases where the violation of the [zoning] ordinance was a relatively minor one, and to do otherwise would require the moving of an entire building." King v. Zoning Hearing Board of the Borough of Nazareth, 76 Pa. Commw. 318, 320, 463 A.2d 505 (1983) (Citations omitted). The Commonwealth Court also followed the de minimis rule in a case where rigid compliance with the ordinance

---

8. Where the requested variance is minor or *de minimis*, it may be granted even though the traditional grounds for a variance have not been met. *Marlowe, supra.*

was not absolutely necessary to protect the public policy concerns underlying the ordinance. West Bradford Township v. Evans, 35 Pa.Commw. 167, 384 A.2d 1382 (1978). The court, however, emphasized that this was a unique case, "and should not be construed as the beginning of a marked departure from the traditional law of variances." Id. at 171, 384 A.2d at 1384. The court further stated that typically the party seeking a variance must show that he will suffer unnecessary hardship unless the variance is granted, and that only in rare instances will it refrain from applying the traditional requirements for a variance.

Intervenors argue that this is a proper case for the application of the de minimis rule because the proposed greenhouse would cover only .96 percent more surface area and the three-foot side yard variance would extend for a distance of only 12 feet. However, the facts of this case do not resemble those of the few cases where the courts have employed a de minimis analysis. A denial of the variance here will not require intervenors to move an entire building. In addition, the lot coverage would increase by a total of 5.2 percent, measured from the ordinance's 30 percent maximum, which is the pertinent starting point. The .96 percent additional departure, beyond the 34.24 percent non-conforming coverage, is not the crucial measure. King, supra.[9] Finally, we cannot say that a three-foot variance from an eight-foot side yard requirement in a residential area is de minimis.[10]

Hence, we reverse for error of law.

9. "The de minimis cases have never used an existing disparity as the point of departure," King, 76 Pa.Commw. at 321, 463 A.2d at 506.

10. Cf. Pyzdrowski v. Pittsburgh Board of Adjustment, 437 Pa. 481, 263 A.2d 426 (1970) (Board neither abused its discre-

## ORDER

May 20, 1985, for the reasons set forth in the foregoing en banc decision, the appeal of Virginia Wink from the decision of the Zoning Hearing Board of the Borough of Birdsboro is sustained. The decision of the zoning hearing board is reversed and the variance is denied.

---

tion, nor committed an error of law when it permitted only a minimal deviation by granting a 7/10 of a foot variance from a ten-foot side yard requirement.)