622 A.2d 435

**Charles C. KING, Appellant**

v.

**ZONING HEARING BOARD OF TOWAMENCIN TOWNSHIP, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Nov. 20, 1992.

Decided March 9, 1993.

110

Gregory J. Dean, for appellant.

John T. Dooley, for appellee.

Before CRAIG, President Judge, COLINS, J., and LORD, Senior Judge.

CRAIG, President Judge.

Charles C. King (landowner) appeals a decision by Judge Corso of the Court of Common Pleas of Montgomery County that affirmed a decision of the Zoning Hearing Board of Towamencin Township that denied the landowner's request for a variance to allow erection of a single-family dwelling on his undersized lot.

The sole issue raised on appeal is whether the board erred in concluding that, because the landowner purchased a lot he knew was not of sufficient area to permit the development of a single-family dwelling under the present zoning regulations, and because the landowner knew, or should have known that the original developer intended that the lot should be merged with an adjoining conforming lot, the landowner has not proved the existence of a hardship which would warrant the granting of a variance, under section 910.2 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended* 53 P.S. § 10910.2.

## FACTS

In 1978, the board had approved a subdivision plan for the development of "Brookdale Farms," a residential community. The proposed development consisted of 94.402 acres of land, and the subdivision plan created 98 lots for single-family detached residential dwellings.

The landowner's lot in question was not one of the 98 lots in the original subdivision plan, but was designated as "Parcel A" on the plan. (See Appendix A, following this opinion) Notes written upon the plan state that Parcel A was "to be conveyed to Thomas H. Jr., and Mary F. Keon," the owners of one of the 98 lots, which adjoins Parcel A. (R.15–16a) In addition, on the plan a "Z" notation is superimposed upon the lot line between Parcel A and the Keon lot, allegedly indicating that the subdivider anticipated that the lots would be merged. But the Keons never purchased Parcel A.

The entire subdivision is located in a R–175 district. When the plan was approved in 1978, the minimum lot size require-

ment for single-family dwellings in R–175 districts was 25,000 square feet. The Parcel A lot in question has an area of only 16,767 square feet. The present ordinance requires 30,000 square feet. In 1988 the landowner bought the Parcel A lot for $2,500.00. After unsuccessfully attempting to sell Parcel A to the abutting property owners, the landowner made the current application for a variance from the board to build a single-family dwelling on the lot.

At the board's hearing, the landowner testified that, when he purchased the lot, he knew that it did not satisfy the minimum lot size requirement for the erection of a single-family dwelling in R–175 districts, and that he would need a variance in order to erect a single-family dwelling upon the property. However, the landowner testified that he was unaware of the notes on the plan. (R. 81–A)

The board heard expert testimony which indicated that Parcel A was never intended to be a part of the Brookdale plan. In addition, residents of Brookdale Farms testified that a conforming lot in the district would cost approximately $40,000.00 to $50,000.00.

The board denied the landowner's request for a variance and the trial court affirmed that decision. This appeal followed.

## ANALYSIS

■ Our scope of review, where the trial court takes no additional evidence, is limited to determining whether the board committed an abuse of discretion, error of law, or made necessary factual findings that are not supported by substantial evidence. *City of Pittsburgh v. Zoning Hearing Board of Adjustment*, 522 Pa. 44, 559 A.2d 896 (1989).

The landowner contends that, because the township originally approved the subdivision plan for Brookdale farms, which contained Parcel A, and did not require the subdivider to insure that Parcel A would be conveyed for a lawful use, the board erred in concluding that the hardship resulting from the

creation of the undersized lot was one self-imposed on the landowner.

Under Section 910.2 of the MPC, a zoning hearing board may grant a variance when the following criteria are met: (1) the zoning ordinance imposes an unnecessary hardship upon the applicant; (2) the hardship results from the unique physical characteristics of the property; (3) the physical conditions of the property preclude development in strict conformity with the zoning ordinance, and a variance is necessary for a reasonable use of the property; (4) the applicant did not create the hardship; (5) the variance will not alter the essential character of the neighborhood, impair the use or development of adjacent property, or be detrimental to the public welfare; and (6) the variance sought is the minimum variance that will afford relief.

In the present case, the board denied the landowner's request for a variance because it found that the requirement of section 910.2(a)(3), that the hardship not be self-inflicted, had not been met.

In *Volpe Appeal*, 384 Pa. 374, 121 A.2d 97 (1956), the landowner purchased two adjacent plots of land, which he then subdivided. The two plots together measured 32,000 square feet in area. After the landowner subdivided the plots, he sold one plot, which measured 20,000 square feet, and retained the remaining 12,000 square foot lot. The ordinance required a minimum of 20,000 square feet to develop the land.

When the landowner requested a variance to build on his remaining 12,000 square foot lot, the board denied the variance, holding that the hardship created by the landowner's subdivision was "self-inflicted." The court in *Volpe* held that, because the landowner started out with conforming lots, and because the undersized lot was his own creation, he was not entitled to a variance.

The trial court here relied on *Volpe* in affirming the board, and concluded that the original subdivider of Brookdale Farms created the present hardship with his original subdivision plan, and that the present landowner, as a later purchaser of

the nonconforming lot, had constructive notice of the self-inflicted hardship.

The original subdivider made Parcel A substantially smaller in size than the other lots, and, from the notations on the map, intended to merge Parcel A with an adjoining, conforming lot. Thus, in one view, the original developer created a self-inflicted hardship, and the present landowner took the lot burdened with that same disability.

The landowner argues that, because the township approved the subdivision plan containing Parcel A in 1978, and did not take any action which would ensure a lawful use of the property, i.e., condition its approval of the subdivision plan upon conveyance of Parcel A to the abutting landowners, the responsibility for the present hardship lies with the township. In addition, the landowner claims that the township, by approving a plan upon which an undersized lot appeared, should be estopped from opposing any attempt by the present property owner to use the property in conformity with the zoning regulations.

Although there is no evidence in the record as to why Parcel A was not conveyed to the Keons, the trial court concluded that the intent of the subdivider was to not develop Parcel A but to merge it with the Keons' property. The township cannot be held responsible because it did not condition approval of the subdivision plan on the conveyance of this lot because the evidence shows that the lot was only meant as a "scrap" parcel of land.

The landowner also argues that, if Parcel A had been conveyed to the Keons, they would have been able to construct a single family dwelling upon it, even if they had kept the nonconforming lot separate. The landowner contends that the board, by stating that the developer was required to convey Parcel A to the Keons, really meant that the Keons would have had a right to seek a variance but that the landowner would not. The landowner claims that the result of this would be that the board would have permitted the landowner to develop the land if the Keons had conveyed Parcel A to the landowner.

The board relied upon *Parkside Associates v. Zoning Hearing Board of Montgomery Township,* 110 Pa.Commonwealth Ct. 157, 532 A.2d 47 (1987), in reaching its decision. In *Parkside,* this court held that a certificate of nonconformity was properly denied to an equitable owner of an undersized lot in the absence of evidence of the previous landowner's intent, at the time of the zoning ordinance's enactment, to treat the undersized lot, and adjoining lots as separate and distinct.

The landowner argues that *Parkside* is distinguishable from the present case because it involved a lot which was subdivided *before* the township passed a zoning ordinance which contained lot size requirements for that district, and defined the requirements for conveyance of lots, whereas the present case involves a lot which was subdivided and conveyed with the approval of the township.

For the purposes of the present case, it is irrelevant that the lot in *Parkside* was subdivided before zoning, because the board in this case found that the subdivider did not intend to keep Parcel A separate and distinct.

The landowner relies on this court's decision in *Appeal of Grace Building Co., Inc.,* 39 Pa.Commonwealth Ct. 552, 395 A.2d 1049 (1979) to support his claim that a change in ownership and the new owner's knowledge of development restrictions of the property at the time of purchase are insufficient reasons to deny a variance.

██ Initially, we note that it is the duty of a landowner, before he purchases a parcel of land, to check the parcel's zoning. *Levin v. St. Peter's School,* 134 Pa. Commonwealth ct. 342, 578 A.2d 1349 (1990).

*Appeal of Grace* involved a different factual situation from the present case. In that case, the trial court denied the landowner's request for a variance for an undersized lot which was held in single and separate ownership by the previous owner, on the theory that the new purchaser created the hardship when he purchased the lot at a tax sale, knowing that the lot was nonconforming.

This court held that the new landowner stood in the shoes of the previous owner, who would have been able to apply for a variance under the MPC. This court held that the new owner should not be denied a variance *solely* because he got the property at a discount and knew of its non-conformity.

█ In the present case, the trial court denied the variance not solely because the landowner knew of the property's non-conformance, but because the landowner knew or should have known that Parcel A was not meant to be held in single and separate ownership, but to be part of one of the conforming lots. The trial court here correctly placed the landowner in the shoes of the previous owner of the property. Because the previous owners of Parcel A would not have been entitled to a variance because the hardship was created by the original subdivider of Brookdale farms, the present landowner also is not entitled to a variance.

Thus, the landowner's claim that, if the Keons had obtained title to Parcel A and conveyed it to the landowner, the landowner would then have been entitled to a variance, is without merit. Neither the landowner, nor any of the previous owners of Parcel A, would be able to obtain a variance on the lot, based on the court's conclusions that the original subdivider of Brookdale Farms, created the hardship.

In addition, as noted above, the fact that the township approved the plan has no bearing on the conclusion that Parcel A was not meant to be a separate lot under the original plan for Brookdale Farms. The landowner argues incorrectly that the Keons would have been able to construct upon Parcel A. The notations on the map do not list Parcel A as a separate conforming lot, but merely as nonconforming property which should have been merged with a conforming lot. Hence, the Keons would not have been able to build on Parcel A because that lot does not fulfill the lotsize requirement of 30,000 square feet. *See Jacquelin v. Horsham Township*, 10 Pa.Commonwealth Ct. 473, 312 A.2d 124 (1973).

█ The trial court also correctly concluded that the landowner's economic harm does not support the grant of a

variance. The landowner purchased parcel A for a bargain price of $2,500.00, and a conforming lot would cost between $40,000.00 and $50,000.00. The landowner, after purchasing at such a bargain price, assumed the risk that he may not have been able to obtain a variance to build on the non-conforming lot. This court will not grant a variance solely because of economic hardship. *Bruni v. Zoning Hearing Board of Plymouth Township,* 52 Pa.Commonwealth Ct. 526, 416 A.2d 111 (1980).

■ In conclusion, this court agrees with the trial court, that the landowner's argument, that the township created the hardship by approving the subdivision plan, is without merit. The original subdivider in the present case created the hardship when he made 98 conforming lots and one non-conforming lot, and future purchasers of such property take subject to the subdivider's actions. *Parkside Associates v. Zoning Hearing Board of Montgomery Township,* 110 Pa.Commonwealth Ct. 157, 532 A.2d 47 (1987).

Accordingly, the decision by Judge Corso of the Court of Common Pleas of Montgomery County is affirmed.

## ORDER

NOW, March 9, 1993, the decision of the Court of Common Pleas of Montgomery County, dated May 8, 1992, at No. 91–10789, is affirmed.