HARRIS, APPELLEE, *v.* ROOTSTOWN TOWNSHIP ZONING BOARD OF APPEALS ET AL., APPELLANTS.

(No. 74-998—Decided December 17, 1975.)

146

*Mr. C. L. Panatzer*, for appellee.
*Mr. Louis R. Myers*, for appellants.

CORRIGAN, J. The subject of this intensely contested appeal is a domestic animal which has been immortalized in the prose and poetry of many nations and for myriad years as man's best friend, the dog.

Perhaps the best known and most quoted in our age is the Eulogy on the Dog by Senator George Graham Vest recorded in Johnson County Circuit Court at Warrensburg, Missouri, in which the dog was extolled as:

"The one absolutely unselfish friend that man can have in this selfish world, the one that never deserts him, the one that never proves ungrateful or treacherous, is his dog. A man's dog stands by him in prosperity and in poverty, in health and in sickness."

No less praiseful is the inscription on the monument of a Newfoundland dog fashioned by Lord Byron:

"Near this spot are deposited the remains of one who possessed beauty without vanity, strength without insolence, courage without ferocity, and all the virtues of man without his vices. This praise which would be unmeaning flattery if inscribed over human ashes, is but a just tribute to Boatswain, a dog.

"The poor dog, in life the firmest friend,

"The first to welcome, foremost to defend."

In Pudd'nhead Wilson's Calendar, Mark Twain wrote: "If you pick up a starving dog and make him prosperous he will not bite you. This is the principal difference between a dog and a man."

Sir Walter Scott observed, in the Talisman: "Recollect that the Almighty who gave the dog to be companion of our pleasures and our toils, both invested him with a nature noble and incapable of deceit."

Finally and more recently, the instincts of the dog are beautifully pointed up by MacKinlay Kantor in a stanza of his poem, Abraham Lincoln at Gettysburg:

"I was a dog at Gettysburg. I trotted near the train
"And nosed among the officers who kicked me to my pain.
"A man came by . . . I could not see. I howled. The light was dim,
"But when I brushed against his legs, I liked the smell of him."

The appellants contend with earnestness, sincerity and vigor that the care and raising of dogs is not animal husbandry. They propose that such husbandry is concerned with farm animals, especially as regards breeding, judging, care and production. And, they say that in this era of increasingly specialized agriculture, it is fair to test whether an animal found on a farm is truly a "farm animal" by asking whether there are farms specializing in the keeping or production of that animal.

Specifically, the author of this opinion does not know if there exist farms for producing dogs for slaughter, as for cattle and sheep. It is written that dogs are cooked and eaten by certain natives in the Philippines. In parts of China, similarly, the flesh of dogs has been regarded a delicacy. It is not recorded that there are dog farms to breed, care, judge and produce more dogs in the United States. But, dogs are the friends of urbanites, suburbanites and farmers, and they are specially bred for multifarious purposes. There are about 125 recognized dog breeds in this country. There are gun dogs, pointers, setters, span-

148

iels, retrievers, coonhounds, deerhounds, wolfhounds, fox-hounds, otterhounds, terriers, toys, bulldogs and many others. There are dogs bred for bearbaiting, ratkilling and for netting birds. The airedale was bred to hunt mountain lions. Farm dogs are used as watchdogs, guard dogs and drovers. Border collies and English sheepdogs are used to protect and herd sheep. Bull terriers are bred for pit fighting. Whippets are bred for racing. The schipperke is trained to work on barges. German shepherds are often trained as Seeing Eye dogs to guide sightless persons. They are also trained to detect narcotics and explosives and as police dogs. The small cairn terrier is bred to ferret out rodents from rock piles. The poodle, an intelligent, hand-some animal, is bred as a companion and is considered by many to be the cleverest of dogs. Whatever the breed, and since the first actual record of dogs in the Egyptian tomb of Amten, of the 4th dynasty, about 3500 B. C., the dog has earned for himself the sobriquet of "man's best friend," a title acquired by no other member of the animal kingdom.

In short, there are many nonlegal reasons why this ad-mired little animal should be husbanded by man. The legal reasons why the raising and care of dogs is animal hus-bandry and is included in the term "agriculture," within the meaning of R. C. 519.01 *et seq.*, are clearly stated in the memorandum opinion of Caris, J., of the Court of Common Pleas of Portage County, which we adopt as part of our opinion in this appeal. It reads:

"This is an appeal from a decision of the Rootstown Board of Zoning Appeals denying appellant a zoning permit to operate a dog kennel in Rootstown Township. It ap-pears that both by statute and by the Rootstown Zoning Regulation, agricultural pursuits, including animal hus-bandry, are exempt from zoning restrictions. Apparently, this denial was upon the basis of the finding of the board of zoning appeals that a 'dog kennel' and the 'breeding of dogs,' was not animal husbandry or an agricultural pur-suit.

" 'The breeding of animals is in general related to

agricultural pursuits of rural people.' (2 O. J. 2d, Pg. 420, Section 35.)

" 'Revised Code 955.03, *et seq.* confers upon dogs:

" 'All the rights and privileges,' and subjects them 'to like restraints as other livestock.'

"*Mentor Lagoons* v. *Boards*, 168 O. S. 113, at pages 119 and 120, of the opinion define animal husbandry as:

" 'The branch of agriculture which is concerned with farm animals, especially as regards breeding, judging, care and production, and animal husbandry as one who keeps or tends livestock.'

"This case found the care and keeping of polo ponies (not farm horses) within that definition.

"The Court of Appeals of Butler County in 1965 in the case of *Davidson* vs. *Abele*, 2 O. A. 2nd, 106, included within that definition the operation of a mink ranch.

"The Court of Appeals in this case does not mention R. C. 901.35, which specifically classifies mink raised in captivity as domestic animals, in finding mink breeding exempt from zoning as an agricultural pursuit apparently so finding independently of Section 901.35.

"It is said in 2 O. Jur. 2d, Page 396, Section 3:

" 'Animals in general are divided into two classes, domestic or *domitae naturae,* and wild or *ferae naturae.* Domestic animals are those which are naturally tame and gentle, or which by long association with man have become thoroughly domesticated and are now reduced to such a state of subjection to his will that they no longer possess the disposition or inclination to escape. Wild animals are such as are of a wild nature or disposition and so require to be reclaimed and made tame by art, industry, or education, or else must be kept in confinement to be brought within the immediate power of the owner.'

"It appears quite certain that dogs under this principle would be 'domestic,' while mink would be classed as 'wild' animals.

"Therefore, it is reasoned that dogs much more closely fall within the definition which would make breeding them

150

animal husbandry, than would mink, which were so defined by the Court of Appeals of Butler County in the *Davidson* case, *supra*.

"Two Common Pleas Courts have thus decided in the case of *McMillen et al.*, Appellants, vs. *Jack Berwell, et al.*, Appellees, in case No. 72-1-00113, the Common Pleas Court of Stark County, by consideration of Judge William R. Quinn, held that the denial to appellants of a permit to build a building for use as a kennel for dogs was contrary to the zoning ordinance and the state statute. This case is not reported, but the text thereof was attached to appellant's brief.

"To like effect is the unreported case of *La Presta* vs. *Coitsville Board of Zoning Appeals*, decided in the Common Pleas Court of Mahoning County in Case No. 192926.

"Appellees cite Massachusetts, Nebraska and Connecticut cases to the contrary, however, Mr. Myers, attorney for them, advises that those states have not enacted statutes like Ohio's Section R. C. 955.03 *supra*, conferring upon registered dogs 'all the right, privileges and restraints as other livestock.'

"It is, therefore, held that the ruling of the Zoning Board of Appeals of Rootstown Township, this county, denying appellant a permit to build a building for use as a kennel for dogs is unreasonable and contrary to law is reversed, and the matter is remanded to said board with instructions to order the zoning inspector of that township to issue appellant the requested permit."

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.