JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-Appellant, Dominic Calabrese ("Plaintiff"), appeals from the trial court's finding in favor of the Defendant-Appellee, Valerie Zmijewski ("Defendant"). For the reasons set forth below, we affirm.
 {¶ 2} The Plaintiff commenced this action against Defendant on December 13, 2002 alleging breach of contract. More specifically, Plaintiff maintained that Defendant breached an oral agreement between Plaintiff and Defendant by failing to pay $4,500 for construction materials and work Plaintiff provided to Defendant. Defendant responded to the complaint by asserting several counterclaims alleging violations of the Consumer Sales Practice Act, breach of warranty, breach of contract, negligence and reckless misrepresentation.
 {¶ 3} The matter proceeded to a bench trial on March 2, 2005. At the conclusion of the trial, the court found against Plaintiff on his claim for breach of contract and in favor of Defendant on her counterclaims. The trial court, however, awarded no damages and ordered each party to pay their own costs.
 {¶ 4} Plaintiff timely appealed the trial court's decision on March 31, 2005. The record was transmitted to this court consisting of the docket, journal entries and original documents, but failed to include a transcript of the March 2, 2005 bench trial.
 {¶ 5} Within his appeal, Plaintiff asserts four assignments of error, which state:
 {¶ 6} "I. Defendant breached her contract with plaintiff by refusing to pay the balance of agreed contract amount.
 {¶ 7} "II. Representative of City of Euclid Building Department was improper by changing his approval of the work performed by plaintiff.
 {¶ 8} "III. The city of Euclid commissioner, Mr. Apansewicz had [sic] personal relationship with defendant/appellee that influenced his decision.
 {¶ 9} "IV. Attorney for plaintiff/appellant consciously acted against his client's interests by failing to subpoena witnesses and waving [sic] trial by jury."
 {¶ 10} In each of his assignments of error, Plaintiff asserts propositions based upon evidence introduced at trial. Plaintiff, however, has failed to file a copy of the transcript of the trial. Absent a transcript, this court must presume regularity in the proceedings on any finding of fact made by the trial court.Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,400 N.E.2d 384. In Knapp, the Ohio Supreme Court stated as follows:
 {¶ 11} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See, also, State v. Skaggs (1978),53 Ohio St.2d 162. This principle is recognized in App.R. 9(B), which provides, in part, "* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *." When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id. at 199.
 {¶ 12} Because all four of his assignments of error assert propositions based upon evidence produced at trial, Plaintiff must present this court with the transcript of the proceedings. In this case, Plaintiff has failed to produce the trial transcript. Accordingly, he cannot demonstrate the claimed errors, and this court must presume the regularity of the trial court proceedings as well as the validity of the judgment. Therefore, Plaintiff's four assignments of error lack merit.
 {¶ 13} In addition to finding Plaintiff's assignments of error lack merit because he has failed to file a transcript, we also find that he has failed to affirmatively establish error on appeal because in each of his assignments of error, Plaintiff asserts arguments unsupported by legal authority or any specific portion of the record. An appellate court may overrule or disregard an assignment of error presented for review due to a "lack of briefing" on that assignment of error. State v. Watson
(1998), 126 Ohio App.3d 316, 321, 710 N.E.2d 340, quoting Hawleyv. Ritley (1988), 35 Ohio St.3d 157, 159, 519 N.E.2d 390. App.R. 12(A)(2) provides:
 {¶ 14} "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."
 {¶ 15} According to App.R. 16(A)(7), an appellant must include in its brief the following:
 {¶ 16} "An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary."
 {¶ 17} In the instant action, Plaintiff has failed to comply with App.R. 16(A). He has not presented any legal authority or referred to any pertinent parts of the record in support of his assertions. Accordingly, as an appellant "bears the burden of affirmatively demonstrating error on appeal," this court must overrule Plaintiff's four assignments of error pursuant to App.R. 12(A)(2). Concord Twp. Trustees v. Hazelwood Builders, Lake App. No. 2000-L-040, 2005-Ohio-1791.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., concurs.
 McMonagle, J., concurs in judgment only.