JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Kenneth A. Tighe, appeals from a common pleas court order requiring him to pay prejudgment interest on the judgment rendered against him following a jury trial. He asserts that the court abused its discretion by ordering him to pay prejudgment interest. We find appellant has failed to demonstrate any error in the trial court's order. Therefore, we affirm.
 {¶ 2} In the complaint filed March 9, 2004, plaintiff-appellee, Carl E. Sandifer, asserted that on August 28, 2003, appellant negligently operated a vehicle and struck the rear of another vehicle being operated by appellee, causing appellee to suffer injuries to his head, neck and back. The case proceeded to trial on June 27, 2005. At the conclusion of the trial, the jury entered a verdict for appellee in the amount of $6,200, and the court entered judgment for appellee in this amount.
 {¶ 3} Appellee then moved the court for an award of prejudgment interest. Appellee claimed that the appellant had offered to settle the matter for $2,462, only $750 more than appellee's asserted medical bills and less than the amount of appellee's litigation expenses. Appellee asserted that he had demanded $4,500. Appellant filed a brief in opposition to appellee's motion. The court held a hearing on August 16, 2005, and on August 18, granted appellee's motion, determining that appellant had failed to make a good faith effort to settle. The court awarded appellee interest at the rate of five percent from August 28, 2003. Appellant appeals from this order.
 {¶ 4} We review the common pleas court's decision on a motion for prejudgment interest for abuse of discretion. Ahern v.Ameritech Corp. (2000), 137 Ohio App.3d 754, 777 (citing SciotoMem. Hosp. Assn., Inc. v. Price Waterhouse, 74 Ohio St.3d 474,479, 1996-Ohio-365). R.C. 1343.03(C) sets forth the circumstances under which the court may award prejudgment interest:
 {¶ 5} "(C)(1) If, upon motion of any party to a civil action that is based on tortious conduct, that has not been settled by agreement of the parties, and in which the court has rendered a judgment, decree, or order for the payment of money, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case, interest on the judgment, decree, or order shall be computed as follows: (a) In an action in which the party required to pay the money has admitted liability in a pleading, from the date the cause of action accrued to the date on which the order, judgment, or decree was rendered * * *."
 {¶ 6} This was clearly a "civil action" based on "tortious conduct" which was not "settled by agreement" and in which the court "rendered a judgment * * * for the payment of money." Appellee concedes that it admitted liability. Thus, the issues before the common pleas court were whether appellee and appellant each made a good faith effort to settle the case.
 {¶ 7} Appellant did not include in the record a transcript of the hearing on appellee's motion for prejudgment interest. We presume that evidence was presented at the hearing about the parties' settlement efforts. Without the transcript, it is impossible for this court to determine whether the trial court abused its discretion in awarding prejudgment interest. Under these circumstances, we must presume the regularity of the court proceedings and the validity of the court's ruling. Calabrese v.Zmijewski, Cuyahoga App. No. 86185, 2006-Ohio-2322, ¶ 12. Therefore, we affirm.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J. and McMonagle, J. concur.