DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas that denied appellant's motion for a new trial and granted appellees' motion for prejudgment interest. For the following reasons, the trial court's judgment is affirmed.
 {¶ 2} Appellant Allstate Insurance Company ("Allstate") sets forth the following assignments of error:
 {¶ 3} "I. The trial court erred in denying defendant-appellant Allstate's motion in limine as to the admissibility of the expert testimony of plaintiff-appellee Josephine Butler's treating physician, Dr. Don Cundiff, M.D. and of plaintiff-appellee Josephine Butler's treating psychologist, Dr. Robert Daniels, Ph.D.
 {¶ 4} "II. The trial court erred in denying defendant-appellant Allstate's motion for new trial because the jury was permitted to hear improper expert testimony.
 {¶ 5} "III. The trial court erred in granting plaintiff-appellees' motion for prejudgment interest, in contravention of the dictates of O.R.C. 1343.03."
 {¶ 6} On March 22, 1999, a car driven by Anna Minton collided with a car occupied by appellees Brian and Josephine Butler and Rose Bisesi. On September 17, 1999, appellees filed a complaint alleging injuries sustained in the accident. The defendants included tortfeasor Minton; Allstate, which provided underinsured motorist coverage to appellees through a policy issued to Bisesi, Josephine Butler's mother; State Farm Mutual Automobile Insurance Company, which provided underinsured motorist coverage to the Butlers; and State Farm Fire Casualty Company, which provided the Butlers' personal liability umbrella coverage. Minton's liability coverage of $25,000 was offered and accepted before trial, which terminated her involvement in this matter.
 {¶ 7} On July 31, 2002, the trial court ruled by summary judgment that Bisesi's Allstate policy with a limit of $250,000 per person/$500,000 per occurrence was primary and that the State Farm Mutual Automobile Insurance policy with the same limits would not apply unless Allstate could not satisfy the judgment.[1] Prior to trial, Allstate took the position that the $25,000 appellees had already collected from the tortfeasor was adequate and refused to settle.
 {¶ 8} On February 9, 2004, appellant filed a motion in limine regarding the videotaped testimony of two of Josephine's treating physicians, Dr. Cundiff and Dr. Daniels. Appellant asserted that the doctors' testimony should be excluded because neither testified that there was a "reasonable degree of medical certainty or probability" that the accident caused Josephine's physical and emotional injuries. Appellant's motion was denied and the matter proceeded to trial.
 {¶ 9} On February 12, 2004, the jury returned a verdict in favor of appellees. The jury awarded damages of $146,865 to Josephine Butler and $54,745.52 to Brian Butler for his loss of consortium claim. Appellant Allstate moved for a new trial and appellees moved for prejudgment interest. Following a hearing on the motions, the trial court denied appellant's motion for a new trial and, finding that Allstate had failed to negotiate in good faith, awarded appellees prejudgment interest in the amount of $88,062.99. Appellant filed a timely appeal.
 {¶ 10} In its first assignment of error, appellant asserts the trial court erred by denying its motion in limine as to the doctors' videotaped testimony. In support, appellant argues that expert medical opinions as to the cause of injury are inadmissible if they are not based on an expression of probability. Appellant asserts that when counsel questioned the doctors as to whether they believed Josephine Butler's injuries were caused by the accident, counsel did not ask either of them to offer their opinion within a reasonable degree of medical certainty or probability.
 {¶ 11} Ohio law is clear that a ruling on a motion in limine may not be appealed unless objections to the introduction of testimony are made during the trial. "A motion in limine is commonly used as a tentative, precautionary request to limit inquiry into a specific area until its admissibility is determined during trial." Dent v. Ford Motor Co. (1992),83 Ohio App.3d 283, 286. See, also, Gable v. Gates Mills,103 Ohio St.3d 449, 2004-Ohio-5719; Riverside Methodist Hosp. Assn. v.Guthrie (1982), 3 Ohio App.3d 308; Evid.R. 103(A). As such, "* * * the ruling in a motion in limine does not preserve the record on appeal[;] * * * An appellate court need not review the propriety of such an order unless the claimed error is preserved by an objection, proffer, or ruling on the record when the issue is actually reached and the context is developed at trial.'"State v. Grubb (1986), 28 Ohio St.3d 199, 203. (Citation omitted and emphasis deleted.)
 {¶ 12} In this case, appellant filed its motion in limine regarding the doctors' testimony two days before trial. On the morning of the first day of trial, after hearing arguments from both parties, the trial court denied the motion. Trial commenced and when appellees presented the videotaped testimony of Dr. Cundiff and of Dr. Daniels, appellant did not object. Based on the law as set forth above, we conclude that appellant waived its right to object to this evidentiary issue on appeal and, accordingly, its first assignment of error is not well-taken.
 {¶ 13} In its second assignment of error, appellant renews its arguments in support of its motion for a new trial. Appellant argues, as it did before the trial court, that the testimony of the two doctors should not have been presented to the jury because the witnesses did not express their opinions in terms of a reasonable degree of medical certainty.
 {¶ 14} The trial court may grant a new trial if it finds it committed an error of law. Civ.R. 59(A)(9). The decision to grant a motion for a new trial pursuant to Civ.R. 59 rests in the sound discretion of the trial court, Sharp v. Norfolk W. Ry. Co.
(1995), 72 Ohio St.3d 307, 312, 1995-Ohio-224, and such decisions are not reversible absent an abuse of discretion. Green v.Castronova (1966), 9 Ohio App.2d 156, 158. When applying the abuse of discretion standard of review, we must not substitute our judgment for that of the trial court. In re Jane Doe I
(1991), 57 Ohio St.3d 135, 138. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} A trial court has broad discretion in the admission or exclusion of evidence. Urbana ex rel. Newlin v. Downing (1989),43 Ohio St.3d 109, 113. So long as a trial court exercises its discretion in accordance with the rules of procedure and evidence, a reviewing court will not reverse that judgment absent a clear showing of an abuse of discretion with attendant material prejudice to defendant. Rigby v. Lake Cty. (1991),58 Ohio St.3d 269, 271; State v. Hymore (1967), 9 Ohio St.2d 122.
 {¶ 16} This court must look at the totality of the circumstances in the case before us and determine whether the trial court acted unreasonably, arbitrarily or unconscionably in allowing the disputed evidence. State v. Oman (Feb. 14, 2000), 5th Dist. No. 1999CA00027. "In general, courts should admit expert testimony whenever it is relevant and satisfies Evid.R. 702." Valentine v. PPG Industries, Inc., 158 Ohio App.3d 615, ¶ 23, 2004-Ohio-4521, citing State v. Nemeth (1998),82 Ohio St.3d 202, 207, 1998-Ohio-376. However, a trial judge must perform a "gatekeeping" role to ensure that expert testimony is sufficiently (a) relevant and (b) reliable to justify its submission to the trier of fact. See Kumho Tire Co., Ltd. v.Carmichael (1999), 526 U.S. 137.
 {¶ 17} Parties typically ask expert witnesses to state their opinions in terms of a "reasonable degree of medical certainty" or a "reasonable degree of medical probability." However, experts need not use these "magic words;" the expert's opinion is admissible as long as it provides evidence of "more than mere possibility or speculation." Ward v. Herr Foods, Inc. (Aug. 16, 1990), 4th Dist. No. 456. See, also, Roberts v. Mutual Mfg. andSupply Co. (1984), 16 Ohio App.3d 324.
 {¶ 18} Josephine Butler was treated for pain in her right hip and back and for depression following the accident. Dr. Daniels testified as to his treatment of Josephine for depression. He stated that she was referred to his pain management program in 1999. Dr. Daniels testified that Josephine suffered from chronic pain and chronic depression and explained that many people suffering from pain experience depression. He described the 18-day program and stated that Josephine's "depressive score" showed improvement by the end of the program. When asked whether he believed Josephine had chronic depression before the accident in 1999, Dr. Daniels stated that while he knew she had been treated for depression before that, he did not know whether it had been chronic.
 {¶ 19} Dr. Daniels did not offer an opinion as to whether Josephine's depression was proximately caused by the pain she experienced after the accident in March 1999. He simply testified that she was experiencing pain and was chronically depressed when he first saw her in October 1999, and described the treatment she received through the pain management program. Dr. Daniels therefore was not required to testify in terms of reasonable medical probability.
 {¶ 20} Dr. Cundiff was Josephine's treating family physician. The disputed portion of his testimony is as follows:
 {¶ 21} "Q. Okay. Now, Dr. Cundiff, you treated [Josephine] from March 22nd, 1999 until as recently as two weeks ago. Do you have an opinion as to whether the complaints that [Josephine] had in March of 1999 were consistent with the facts of the collision as she related those to you?
 {¶ 22} "[Objection]
 {¶ 23} "A. Are you asking me if what she told me seemed to happen from the accident?
 {¶ 24} "Q. Yes.
 {¶ 25} "A. I have no evidence that she had a hip or back problem before the accident."
 {¶ 26} It appears to this court that counsel's question for Dr. Cundiff as to whether Josephine's complaints were "consistent with the facts of the collision as she related those to you" was inartfully crafted. The doctor's response that he had no evidence Josephine had a hip or back problem before the accident bordered on innocuous. Counsel did not press the doctor further. In short, the doctor was not asked for his opinion as to the cause of Josephine's complaints to a degree of medical certainty and he did not give a response expressed in those terms. The entire exchange, while arguably intended to be relevant to the issue before the court, did not rise to the level of prejudicial error. We therefore find that the trial court's decision to deny appellant's motion for a new trial was not unreasonable, arbitrary or unconscionable and therefore not an abuse of discretion. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 27} In its third assignment of error, appellant asserts the trial court erred in granting appellees' motion for prejudgment interest. Appellant argues that the requirements for an award of prejudgment interest set forth in R.C. 1343.03(C) were not met in this case. Appellant argues that it did not fail to cooperate in discovery, it conducted a rational evaluation of its potential liabilities, and did not engage in any activity to unnecessarily delay the proceedings. Appellant further argues that appellees' case was weak and it was therefore reasonable for it to decline to respond to any settlement demands. Appellant also asserts that, based on its own determination that appellees' claim was worth an amount below the $25,000 they received from the tortfeasor, it reasonably concluded no settlement offer was necessary on its part.
 {¶ 28} An award of prejudgment interest is not punitive and there need be no showing of bad faith to justify such an award. The award is to compensate the successful plaintiff for the period of time between the accrual of the claim and its payment.
 {¶ 29} Appellant challenges the trial court's decision only with respect to R.C. 1343.03(C), although appellees moved for prejudgment interest under subsections (A) and (C) of R.C.1343.03.
 {¶ 30} R.C. 1343.03(A) permits an award of prejudgment interest beginning when "* * * money becomes due and payable upon any * * * instrument of writing * * *," including an insurance policy for uninsured/underinsured motorist coverage." Landis v.Grange Mutual Ins. Co. (1998), 82 Ohio St.3d 339, 341.
 {¶ 31} R.C. 1343.03(C) provides for prejudgment interest against a tortfeasor, "* * * if, upon motion of any party to the civil action, the court determines at a hearing held subsequent to the verdict or decision in the civil action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case." The statute is also applicable to insurers in cases involving a breach of duty of good faith in settling, handling, and payment of claims. Spadafore v. Blue Shield (1985),21 Ohio App.3d 201, 203, citing Hoskins v. Aetna Life Ins. Co. (1983),6 Ohio St.3d 272, and Suver v. Personal Service Ins. Co.
(1984), 11 Ohio St.3d 6.
 {¶ 32} The standard for determining whether a party has dealt in good faith is set forth in Kalain v. Smith (1986),25 Ohio St.3d 157, syllabus: "A party has not `failed to make a good faith effort to settle' under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer." Accordingly, a lack of good faith in settlement can be proven by the failure to meet any one of those elements.
 {¶ 33} "A party must satisfy all four of the Kalain
requirements — noncompliance with even one factor indicates that the party has failed to make a good faith effort to settle."Evans v. Dayton Power Light Co., 4th Dist. No. 05CA800,2006-Ohio-319, at ¶ 14. See, e.g., Wagner v. Marietta AreaHealthCare, Inc., 4th Dist. No. 00CA17, 2001-Ohio-2424 (affirming award of prejudgment interest when defendant cooperated in discovery and did not attempt to delay proceedings, but court found she did not rationally evaluate the risks and potential for liability or possess a good faith, objectively reasonable belief that she had no liability).
 {¶ 34} The determination to award prejudgment interest rests within the trial court's sound discretion. Scioto Mem. Hosp.Assn., Inc. v. Price Waterhouse (1996), 74 Ohio St. 3d 474, 479. Absent a clear abuse of that discretion, the lower court's decision in the matter should not be reversed. Mobberly v.Hendricks (1994), 98 Ohio App. 3d 839, 845.
 {¶ 35} At the hearing on the motion for prejudgment interest, appellees presented the testimony of George Dravick, the Allstate claims representative who took over the case in 2003. Dravick explained that in 2001, Allstate assessed the value of this case at $22,000 by means of a computer program. He further testified he was aware that after the program was run, appellees claimed additional medical expenses which they planned to support with testimony at trial. Despite that knowledge, Dravick decided not to have Josephine examined by an independent medical examiner or run the program again with updated information. He discussed that decision with defense counsel but not with any medical professionals. Dravick testified he chose not to consult with any medical professionals concerning the value of this case although he had discretion to do so. He did not give Allstate's attorney assigned to this case authority to negotiate.
 {¶ 36} Although Dravick was aware appellees took the depositions of three doctors for trial purposes, he did not review the transcripts of their testimony. Further he did not review Josephine's deposition testimony. Dravick confirmed Allstate did not dispute it was the primary underinsured motorist provider in this matter and faced potential exposure of up to $250,000. However, he stated that after Allstate received notice of the litigation it set aside a reserve of $25.00 to cover the claim, based on its position that the tortfeasor's policy limit of $25,000 was sufficient compensation. Dravick confirmed that from October 2001, when Allstate requested that appellees protect their subrogation lien of $5,000 in medical benefits, until the verdict in February 2004, the company did not offer any money to settle the case. Dravick further testified that despite receiving a report from one of Josephine's doctors stating that her injuries were permanent and she had chronic pain, he chose not to pass the report on to medical professionals at Allstate for further review.
 {¶ 37} This court has thoroughly reviewed the record of proceedings in the trial court and the law set forth above. We find abundant evidence that Allstate did not make a good faith effort to settle. It is clear Allstate did not rationally evaluate the risks and its potential liability. George Dravick testified Allstate did not have a medical professional review Josephine's file and stated he did not review the testimony of the three doctors who testified on appellees' behalf. When additional medical bills were submitted to Allstate, it failed to re-evaluate the claim. Further, the evidence shows Allstate did not at any time make a good faith offer to settle or respond in good faith to appellees' settlement offers. Pursuant to R.C.1343.03(A) and (C), appellees were entitled to prejudgment interest and there was sufficient evidence for the trial court to do so. Appellant's third assignment of error is not well-taken.
 {¶ 38} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Singer, P.J., Skow, J., Parish, J., concur.
[1] State Farm Mutual Automobile Insurance Company and State Farm Fire Casualty are still parties to this action, although neither took an active role at trial and neither has filed an appeal.