DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that granted the motion of plaintiff-appellee, Mitchell Bolton, for prejudgment interest following a jury verdict in his favor. Defendant-appellant, Jason Hintz, challenges that judgment through the following assignment of error: *Page 2 
 {¶ 2} "The trial court erred when it awarded prejudgment interest under Ohio Revised Code Section 1343.03(C) under the facts and circumstances of this case."
 {¶ 3} In October 2003, appellee was a passenger in a car driven by appellant when they were in an accident caused by appellant. As a result of that accident, appellee suffered injuries to his face from flying glass. Subsequently, appellee filed a complaint in the lower court seeking compensation for the injuries he sustained as well as prejudgment interest, post judgment interest, attorney fees and costs. Ultimately, appellant did not contest liability or proximate cause and the only issue remaining for the jury's determination was the amount of compensation due appellee. On April 28, 2006, appellee filed his medical bills disclosure with the trial court pursuant to R.C. 2317.421. That disclosure demonstrated that appellee's medical bills to date totaled $14,296.22.
 {¶ 4} On May 25, 2006, the jury returned a verdict in favor of appellee and awarded him $29,300 in damages. Thereafter, appellee filed a motion for prejudgment interest pursuant to R.C. 1343.03. Appellee asserted that appellant had been aware of the total sum of appellee's medical bills for more than a year before trial and was aware that appellee underwent pain and suffering and was left with permanent facial scarring and nerve damage. Despite this knowledge, and despite the fact that neither liability nor proximate cause were at issue, appellant's final offer was $12,900 up to and until the morning of trial. Appellee contended that on the morning of trial, appellant increased his final offer to $30,000. Appellee rejected the offer as he had already incurred the costs of the jury deposit fee and for taking and transcribing the deposition of his expert witness. *Page 3 
Appellant then argued to the jury that Bolton's damages should be valued at $30,000. In his motion for prejudgment interests, appellee asserted that the facts demonstrated appellant failed to make a good faith effort to settle the case and that appellee was entitled to prejudgment interest.
 {¶ 5} Appellant filed a brief in opposition in which he asserted that appellee could not sustain his burden of proving by a preponderance of the evidence that appellant had failed to make a good faith effort to settle the case. He also argued that appellee's actions demonstrated that he would not have accepted an offer of $30,000 even if it had been made before the final pretrial. On November 7, 2006, the case proceeded to a hearing on the motion for prejudgment interest. On November 21, 2006, the lower court issued an order granting appellee's motion for prejudgment interest. In reaching this decision, the lower court stated the following:
 {¶ 6} "Plaintiffs medical expenses were approximately $14,000.00, and by March 3, 2005, Defendant was aware of the extent of Plaintiff s injuries and medical bills. In June, 2005, plaintiff had demanded $50,000.00 as damages for his injuries, and the highest offer submitted by defendant was $13,000.
 {¶ 7} "In light of defendant's offer, plaintiff incurred the cost of deposition of his medical expert and the cost of the jury deposit, and he and his counsel expended time and energy to prepare for trial. On the morning of trial, defendant offered $30,000 to settle the case. Plaintiff rejected such offer and the matter proceeded to trial. *Page 4 
 {¶ 8} "The Court finds that defendant did not make a good faith effort to settle the case. Plaintiff, as a result of defendant's inadequate offer of settlement, was compelled to expend time and money to submit the case to a jury. If defendant believed the case had a settlement value of $30,000.00, such amount should have been communicated to plaintiff prior to the date of trial. This would have provided plaintiff with enough notice to properly consider whether to accept the offer without the pressure of a waiting jury and prior to incurring litigation expenses."
 {¶ 9} The trial court then awarded Bolton prejudgment interest from the date that appellant knew the medical expenses and extent of injuries suffered by appellee, which the court stated was March 3, 2005. It is from this judgment that appellant appeals.
 {¶ 10} In his sole assignment of error, appellant asserts that his offer of $30,000 on the day of trial represented a good faith effort to settle the case and that appellee did not sustain his burden of proving that appellant failed to make a good faith effort to settle the case.
 {¶ 11} Whether to grant an award of prejudgment interest rests with the trial court's sound discretion. Scioto Mem. Hosp. Assn., Inc. v.Price Waterhouse (1996), 74 Ohio St.3d 474, 479, reversed on other grounds in Wightman v. Consolidated Rail (1999), 86 Ohio St.3d 431. Absent a clear abuse of discretion, a trial court's decision on the matter should not be reversed. Mobberly v. Hendricks (1994),98 Ohio App.3d 839, 845. A trial court abuses its discretion where its decision is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. *Page 5 
 {¶ 12} R.C. 1343.03(C) provides for the award of prejudgment interest in tort actions when the court has rendered a judgment for the payment of money and "the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case * * *." The standard for determining whether a party has dealt in good faith was set forth by the Supreme Court of Ohio in Kalain v. Smith (1986), 25 Ohio St.3d 157, syllabus: "A party has not `failed to make a good faith effort to settle' under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer." Accordingly, "[a] party must satisfy all four of theKalain requirements — noncompliance with even one factor indicates that the party has failed to make a good faith effort to settle. See, e.g.,Wagner v. Marietta Area HealthCare, Inc., 4th Dist. No. 00CA17, 2001-Ohio-2424 (affirming award of prejudgment interest when defendant cooperated in discovery and did not attempt to delay proceedings, but court found she did not rationally evaluate the risks and potential for liability or possess a good faith, objectively reasonable belief that she had no liability)." Evans v. Dayton Power Light Co., 4th Dist. No. 05CA800, 2006-Ohio-319, ¶ 14. *Page 6 
 {¶ 13} Appellant contends that the lower court erred in granting appellee's motion for prejudgment interest because appellee did not maintain his burden of proving that appellant failed to make a good faith effort to settle. In particular, appellant asserts that the court erred in finding that appellant's offer of $30,000 on the morning of trial did not represent a good faith effort to settle the case. Appellant, however, has not provided this court with a transcript of the hearing on the motion for prejudgment interest.
 {¶ 14} When he first filed his notice of appeal, appellant stated in his praecipe that a partial transcript of the November 7, 2006 hearing on prejudgment interest was necessary for the appeal. The praecipe, however, did not include the court reporter's certification indicating the approximate number of pages of the transcript and the number of days that the reporter estimated it would take to complete the transcript. Accordingly, on January 19, 2007, we issued a decision and judgment entry ordering appellant to file a fully completed amended praecipe within ten days of that decision. Appellant complied, filing his amended praecipe on February 1, 2007, which included the court reporter's certification indicating that it would take ten days to prepare the transcript for filing. On February 16, 2007, the record in the case was filed in the Lucas County Court of Appeals. The App.R. 11(B) notification that the Lucas County Clerk of Courts mailed to the parties regarding the filing of the record stated that no transcript of proceedings had been filed. On February 21, 2007, appellant filed a motion with this court for an extension of time to supplement the record with the transcript of proceedings. In a judgment entry of February 23, 2007, we granted appellant's motion, gave him until February 28, 2007, to *Page 7 
file the transcript of proceedings, and ordered him to file his assignments of error and brief within 20 days of the date that the supplemental record was filed. Appellant never filed the supplemental record, but on March 20, 2007, appellant filed his appellate brief and assignments of error. Appellant does not reference the transcript from the hearing on the motion for prejudgment interest. Rather, in his brief, appellant asserts that appellee failed to identify in his motionfor prejudgment interest those elements of the Kalain test with which appellant did not comply during the negotiation process prior to trial. Moreover, appellant seems to argue that because he offered $30,000 to settle the case on the morning of trial, he cannot, as a matter of law, be held to have lacked good faith in his efforts to settle the case prior to trial.
 {¶ 15} Whether appellant's offer of $30,000 on the morning of trial constituted a good faith effort to settle the case must be viewed in light of all the surrounding facts and circumstances of the case that were brought forth at the hearing on the motion for prejudgment interest. Evidence of the parties' settlement efforts is typically presented at such hearings. Butler v. Minton, 6th Dist. No. E-05-061,2006-Ohio-4800; Sandifer v. Tighe, 8th Dist. No. 87029, 2006-Ohio-3355. It is well-established that "[t]he duty to provide a transcript for appellate review falls upon the appellant. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. *Page 8 
 {¶ 16} Because we have no transcript to review, we must presume the regularity of the proceedings below and hold that the trial court properly granted appellee's motion for prejudgment interest. Snow v.Pollick, 6th Dist. No. L-02-1104, 2003-Ohio-490. The sole assignment of error is not well-taken.
 {¶ 17} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski P.J., Thomas J. Osowik, J. CONCUR. *Page 1